UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING FUND; UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS<br><br>Plaintiffs,<br><br>vs.<br><br>ACE BUILDING SYSTEMS, INC. and MARVIN PATTERSON<br><br>Defendants. | CASE No.:  1:20-CV-2052 |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND, the INDIANA/KENTUNKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING FUND OF NORTH AMERICA ("Trust Funds"), and INDIANA/KENTUCKY/OHIO REGIONAL COUCIL OF CARPENTERS ("Union")

1

(collectively "Plaintiffs") by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant ACE BUILDING SYSTEMS, INC. ("Ace") and MARVIN PATTERSON ("Patterson") and in support, allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under Section 301 of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 185.

3. Count III of this action arises under an executed Settlement Agreement between Ace, Patterson, and the Plaintiffs. The Settlement Agreement, which was executed by Ace and Patterson on November 14, 2019, involved payment of unpaid contributions, deductions, liquidated damages, interest, and attorney's fees owed to the Plaintiffs. The Court has supplemental jurisdiction over the subject matter of Count III in this action pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events that gave rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

5. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

6. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

7. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

8. The Defendant ACE BUILDING SERVICES, INC. ("Ace") is a Kentucky Corporation with its principal place of business in Leitchfield, Kentucky.

9. Defendant Patterson is an individual with his principal residence in Kentucky.

## COUNT I

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. Ace is an employer engaged in an industry affecting commerce.

12. Ace entered signed a Memorandum of Agreement ("MOA") [Attached hereto as **Exhibit 1**] which bound it to Collective Bargaining Agreements ("CBAs") with Plaintiff Union and to the Plaintiff Trust Funds' Agreements and Declarations of Trusts ("Trust Agreements").

13. Pursuant to the MOA, CBAs and Trust Agreements, Ace is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rates.

14. Defendant Ace breached the agreements identified in paragraph 12 and is in violation of Sections 502 and 515 of ERISA by failing to submit its monthly report forms and pay contributions and contractually required interest and liquidated damages for the period of April 1, 2020 through June 30, 2020.

15. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds shall be responsible for payment of attorney's fees and costs associated with the collection of the delinquent contributions.

16. Despite Plaintiffs' Trust Funds' requests, Defendant Ace has failed to submit the monthly reporting forms and pay the contractually required monies.

17. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Ace.

18. Plaintiffs have complied with all conditions precedent in bringing this suit.

19. Ace is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs Trust Funds respectfully request:

**A.** That Judgment be entered in favor of Plaintiffs Trust Funds and against Defendant Ace requiring Ace to submit all of its monthly reporting forms and pay the delinquent contributions, interest and liquidated damages for April 1, 2020 through June 30, 2020;

**B.** That Defendant Ace be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and,

**C.** That this Court grant the Plaintiffs any other relief that this Court deems to be just and

equitable pursuant to 29 U.S.C. § 1132(g)(2)(E) or otherwise.

## COUNT II

20. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-19 of this Complaint with the same force and effect as if fully set forth herein.

21. This Court has jurisdiction of this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

22. Plaintiff Union is a labor organization whose duly authorized officers or agents are engaged in represented or acting for employee members within this judicial district.

23. At all material times herein, Defendant Ace has been signatory to CBAs with the Union. Included among the contractual obligations between the parties is the requirement that Ace make certain contributions and payroll deductions to the Union.

24. Additionally, said CBAs require Defendant Ace to pay Plaintiff Union's attorney's fees and costs incurred in the bringing of this action.

25. Defendant Ace has breached its contractual obligations to the Union by failing to submit its monthly reporting forms and pay the delinquent contributions, deductions, plus interest, liquidated damages, owed thereon for the period of April 1, 2020 through June 30, 2020.

**WHEREFORE**, Plaintiff Union respectfully requests:

A. That Judgment be entered in favor of Plaintiffs Union and against Defendant Ace requiring Ace to submit all of its monthly reporting forms and pay the delinquent contributions, deductions, interest and liquidated damages for April 1, 2020 through June 30, 2020;

B. That Defendant Ace be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff Union; and,

C. That this Court grant the Plaintiff any other relief that this Court deems to be just and

equitable.

## COUNT III

26. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. Patterson is the President of Ace.

28. On November 14, 2019, Ace and Patterson, individually as guarantor, entered into a Payment Agreement with the Trust Funds and Union. (A copy of the Payment Agreement is attached as **Exhibit 2**).

29. The Payment Agreement called for Ace to make an initial payment of $10,000 followed by nine (9) installment payments to the Plaintiffs in the amount of $9,000, which represented repayment of $104,955.68 owed to the Trust Funds and Union for contributions, deductions, liquidated damages, interest, and attorney's fees. (**Exhibit 2**).

30. Pursuant to the Payment Agreement, the installment payments were to be paid to the Plaintiffs by the last day of the month. (**Exhibit 2**).

31. Pursuant to the Payment Agreement, any installment payments not received by the last day of the month shall constitute a default of the Payment Agreement. (**Exhibit 2**).

32. Ace failed to timely remit the installment due on April 30, 2020.

33. Ace failed to remit the installment due on May 31, 2020.

34. Ace failed to remit the installment due on June 30, 2020.

35. As a result of Ace and Patterson's failure to timely pay the installments, the balance of the remaining installments totaling $56,955.68 is now due and owing under the Payment Agreement.

36. Pursuant to the Payment Agreement, in the event Ace defaulted on its monthly payments and such default was not cured within ten days written notice to Ace, Patterson agreed to make all remaining payments due under the Payment Agreement.

37. Plaintiffs served notice of default on June 23, 2020.

38. Ace, through Patterson, has acknowledged receipt of Plaintiffs notice of default.

39. To date, neither Ace nor Patterson has cured the default and made the payments due on the Payment Agreement.

40. The Payment Agreement provides that if Plaintiffs are required to bring collection effort, they may recover all attorneys' fees and costs incurred in the bringing of such an action.

41. Plaintiffs have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Court enter Judgement in favor of Plaintiffs and against Ace and Patterson, jointly and severally, in the amount of $56,955.08, for the payment balance due under the Payment Agreement;

B. That Defendants Ace and Patterson, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Payment Agreement; and,

C. That this Court grant the Plaintiffs any other relief that this Court deems to be just and equitable.

Respectfully submitted,

/s/      Suzanne C. Dyer


Suzanne C. Dyer
Johnson & Krol, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
Phone: (312) 372-8587
Facsimile: (312) 255-0449
dyer@johnsonkrol.com


Joseph E. Mallon
Johnson & Krol, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Phone: (317) 218-4779
Facsimile: (312) 255-0449
mallon@johnsonkrol.com